the parents tuition reimbursement for the school year.

We review *de novo* the district court's decision to grant summary judgment. *See, e.g., Sherman v. Mamaroneck Union Free Sch. Dist.,* 340 F.3d 87, 92 (2d Cir.2003). "Whether the district court correctly applied the IDEA's statutory and regulatory provisions to the facts of a particular case is a mixed question of law and fact, which we also review de novo." *Cerra v. Pawling Cent. Sch. Dist.,* 427 F.3d 186, 191 (2d Cir.2005). Federal courts reviewing administrative decisions must give 'due weight' to the administrative proceedings and remain "mindful that the judiciary generally 'lack[s] the specialized knowledge and experience' necessary to resolve 'persistent and difficult questions of educational policy.' " *Walczak v. Florida Union Free Sch. Dist.,* 142 F.3d 119, 129 (2d Cir.1998)(quoting *Bd. of Educ. v. Rowley,* 458 U.S. 176, 206, 102 S.Ct. 3034, 73 L.Ed.2d 690 (1982)).

The Supreme Court and our circuit have interpreted the IDEA as strictly limiting judicial review of state administrative decisions. *See Walczak,* 142 F.3d at 129; *Rowley,* 458 U.S. at 204, 102 S.Ct. 3034. The federal court's review of administrative determinations " 'is by no means an invitation to the courts to substitute their own notions of sound educational policy for those of the school authorities.' " *Sherman,* 340 F.3d at 93 (2d Cir.2003)(quoting *Rowley,* 458 U.S. at 206, 102 S.Ct. 3034).

In this case, both the IHO's and the SRO's decision showed "thorough and careful" review, for which, this court has stated, " '[j]udicial deference is particularly appropriate.' " *M.C. ex rel. Mrs. C. v. Voluntown Bd. of Educ.,* 226 F.3d 60, 66

(2d Cir.2000)(quoting *Walczak,* 142 F.3d at 129). To determine whether the School District's IEP afforded the student a free, legally appropriate public education ("FAPE"), we ask: (1) whether the District complied with the procedural requirements of the IDEA and (2) whether the proposed IEP is reasonably calculated to enable the student to receive educational benefits. *Rowley,* 458 U.S. at 206–207, 102 S.Ct. 3034. There is no dispute that the procedural requirements were met. Applying the required deference to the SRO in this case, we conclude that the IEP in question met the requirements of the IDEA.

We find that the SRO's determination should be affirmed.[1] We have considered the plaintiffs' additional arguments and find them without merit.

For the foregoing reasons, we REVERSE the judgment below, and remand to the District Court with instructions to dismiss the complaint.

**Li Xue YUE,[1] Petitioner,**

---

1. This outcome would remain if during the administrative hearing the burden had been placed on the plaintiffs-appellees, the parties challenging the IEP, as the Supreme Court recently established in *Schaffer v. Weast,* ——

U.S. ——, 126 S.Ct. 528, 163 L.Ed.2d 387 (2005).

1. The official caption is hereby amended to

**22**

v.

**Alberto R. GONZALES,[2] Respondent.**

**No. 04–3846–AG.**

United States Court of Appeals,
Second Circuit.

Jan. 24, 2006.

Michael Brown, New York, NY, for Petitioner.

David E. Nahmias, United States Attorney for the Northern District of Georgia, Alonzo H. Long, Assistant United States Attorney, Atlanta, GA, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROSEMARY S. POOLER, and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Li Xue Yue petitions for review of the BIA decision denying her motion to reopen. We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam); *Khouzam v. Ashcroft*, 361 F.3d 161, 165 (2d Cir.2004). An abuse of discretion may be found where the BIA's decision "provides no rational expla-

nation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements or where the Board has acted in an arbitrary or capricious manner." *Kaur*, 413 F.3d at 232; *see also Ke Zhen Zhao v. DOJ*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

Yue contends that the BIA abused its discretion in denying her Motion to Reopen, because it did not specifically consider her contention that her motion to reopen should not be subject to the numerical limitations on motions to reopen. In support of her argument, Yue cites 8 C.F.R. § 1003.2(c)(3), which states that the time and numerical limitations shall not apply to a motion to open proceedings, "to apply or reapply for asylum or withholding of deportation based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing."

However, this exception to the time and numerical limitations for filing motions to reopen only applies if the basis of the motion is to *apply or reapply for asylum or withholding of deportation* based on changed country circumstances. Yue's argument is specious, because the basis of her most recent Motion to Reopen is not to apply or reapply for asylum but rather, "to allow her an opportunity to apply for adjustment of status and any other relief she might be eligible [sic]." Moreover, Yue listed three reasons that the time and

conform with Petitioner's name, as listed on the petition for review and briefs.

**2.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R.

Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

number limitations should not apply to the instant motion including changed country conditions, yet, nowhere in the motion does Yue explain how the changed country conditions serve as the *basis* for the Motion to Reopen. Yue cannot qualify for the exception merely by plainly pleading "changed country conditions," without articulating how those conditions affect her asylum claim. Accordingly, the exception is not applicable here.

The BIA's reasoning as to why the exception does not apply may not be explicit, but its conclusion that it does not apply is correct. It would be unreasonable to expect the BIA to articulate why each and every exception in the regulations is inapplicable in a particular case. Yue has failed to show that the BIA abused its discretion in denying her Motion to Reopen.

For the foregoing reasons, Lu's petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED. Any pending request for oral arguments is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).

**Mei Fang LU, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

Nos. 04–4395–AG(L), 04–4396–AG(CON), 04–4397–AG(CON).

United States Court of Appeals, Second Circuit.

Jan. 24, 2006.

